No. 23769.

ALFONSO JUAN ALIRE *v.* THE PEOPLE OF THE STATE OF
COLORADO.
(466 P.2d 78)

Decided March 9, 1970.

Edward H. Sherman, Public Defender, City and County of Denver, Joseph R. Quinn, Assistant, Isaac Mellman, Special Assistant, Rollie Rogers, State Public Defender, Kenneth J. Russell, Assistant, for plaintiff in error.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Robert L. Hoecker, Assistant, for defendant in error.

*In Department.*

Opinion by Mr. Justice Pringle.

Alfonso Juan Alire, hereinafter referred to as Petitioner, brings this writ of error from a judgment of the district court denying him relief sought by a writ of habeas corpus. The petitioner was convicted in the United States District Court of giving a false oath in an application for a post office job. On June 7, 1963, while that conviction was being appealed, he was tried and

found guilty of the crime of possession of narcotic drugs in a Colorado district court. He received a sentence of from 10 to 15 years in the Colorado penitentiary, and brought writ of error to that judgment. Petitioner's bail had been set by the trial court at $50,000, and since he was unable to post bond, he was transferred to the state penitentiary to begin serving his sentence.

The petitioner thereafter sought from the state district court a reduction in the amount of his bail to $30,000, and this petition was granted by the district judge. On April 6, 1965, the petitioner was released on bond, and was immediately arrested by federal marshals and placed in the Denver County Jail. Thereafter, this Court determined that the release of the petitioner on reduced bail set by the district court was invalid, and on April 8, 1965, this Court ordered that the order granting bail to the petitioner should be annulled and held for naught and that the defendant should be immediately arrested and returned to the state penitentiary. Despite this order, the petitioner remained in the county jail as a federal prisoner until May 15, 1965 when he was transferred by the federal authorities to the penitentiary at Leavenworth, Kansas.

On May 4, 1967, the petitioner's federal sentence was completed and he was transferred to the Colorado penitentiary to complete serving his Colorado sentence, which had by that time been affirmed by this Court. *Alire v. People,* 157 Colo. 103, 402 P.2d 610. He was given *full credit* against his sentence for the time he spent in the federal penitentiary. Upon his return to Colorado, the petitioner sought this writ.

The petitioner argues that Colorado, by releasing the petitioner on an invalid bond and permitting the federal authorities to hold the petitioner in the county jail for a month without requesting his release to state officials, in effect commuted his Colorado sentence, and the actions and inaction of the state officials constituted a waiver of the right of the state to further imprison the

petitioner. Under such circumstances, the petitioner argues that his continued imprisonment by the State of Colorado constitutes a denial of due process of law under the Fourteenth Amendment. We do not find that the state waived its right to further imprison the petitioner, and we affirm the order of the district court.

When a defendant has been convicted of both state and federal crimes, he does not have a constitutional right to serve one sentence before the other. These matters are decided as matters of comity between the state and federal jurisdictions. *Jacobs v. Crouse,* 349 F.2d 857, (10th Cir. 1965); *Hayward v. Looney,* 246 F.2d 56. Because of this, the question of waiver when a prisoner is handed from one jurisdiction to another has been characterized as a question of comity between the respective sovereignties and not one of a personal, constitutional right of the prisoner. *Crady v. Cranfill,* 371 S.W.2d 640 (Ky.).

While the matter may be characterized as one of comity between sovereign jurisdictions, the courts have been ready to step in where it is necessary to prevent prejudice and unfairness to the prisoner. The concept of waiver, urged by the petitioner in this case, is not waiver in the true sense, but is in the nature of a forfeiture, judicially invoked to secure fair treatment of the prisoner by the state. *Crady v. Cranfill, supra.*

The facts of this case demonstrate no unfairness to the defendant, and there is no basis in the record for a determination that the state has forfeited its right to further punish the petitioner.

First, there is no evidence in the record to support the allegation by the petitioner that the state was playing "fast and loose" with him by transferring him to the federal marshals against his will. The petitioner sought a reduction in bail, and this reduction was granted to him by the trial court. It was only after he was released from custody on bail, a release procured at his own request, that he was arrested by the federal authorities. While it

does appear in the record that the federal marshals arrested the petitioner immediately upon his release and must have known the defendant was to be released, there is no evidence in the record of any agreement between state and federal officials to release the petitioner into federal custody. Likewise, there is no evidence that the petitioner was released on bail improperly for the purpose of transferring custody of him to federal authorities.

■ Second, the transfer of the petitioner to the federal penitentiary and back again to the state penitentiary did not result in any unfairness to the defendant. He was given full credit against his Colorado sentence for the time he spent in the federal prison. Had the petitioner remained in prison in Colorado he would not have been eligible for parole any earlier than he is now. The effect of the transfers has been to make the federal and state sentences run concurrently, a benefit he would not have had had he served out his state sentence before beginning his federal sentence.

The facts discussed above distingush this case from that of *Jones v. Rayborn*, 346 S.W.2d 743 (Ky.) relied upon by the petitioner. In that case, the prisoner, Rayborn, was transferred from the Kentucky State Penitentiary where he was serving a state sentence by state officials to custody of the federal government. Not only was there evidence of agreement between state and federal officials, but there was evidence that the defendant's eligibility for parole on the state sentence would be considered only on the basis of time served in the state penitentiary, and no allowance would be made for the time served in the federal prison. The unfairness Rayborn was subjected to on account of his transfer by state officials does not exist in the present case. Later decisions in Kentucky have established that where the state has not played a direct role in transferring the prisoner, it cannot be said that the state has waived a right to further punish him. *Baker v. Commonwealth*, 378 S.W.2d 616 (Ky.).

This Court can find no evidence of unfairness resulting to the petitioner from the actions and inaction of the state.

The judgment of the district court is affirmed.

MR. JUSTICE HODGES, MR. JUSTICE GROVES and MR. JUSTICE LEE concur.