No. 27281

**The People of the State of Colorado v. Jeffrey Taylor Lewis**

(564 P.2d 111)

Decided May 16, 1977.

Robert L. Russel, District Attorney, J. Tyler Makepeace, Senior Deputy, Jerry C. Nelson, Deputy, for plaintiff-appellant.

James Robert Barash, Lawrence J. Sandell, for defendant-appellee.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

While serving a sentence in the Nebraska state penitentiary, the defendant, Jeffrey Taylor Lewis, was returned to Colorado to face certain charges. Lewis wrote a series of bad checks and passed them in both Colorado and Nebraska. His crime spree came to an end when he was arrested in Nebraska. Colorado obtained custody of the defendant by use of the "Agreement on Detainers." Section 24-60-501, *et seq.*, C.R.S. 1973. When the defendant appeared before the district court in Colorado, he entered a plea of guilty to a charge of second-degree forgery. Section 18-5-103, C.R.S. 1973. The trial court sentenced the defendant to an indeterminate sentence, not to exceed three and one-half years,[1] at the Colorado state penitentiary and ordered that:

"Said sentence shall run concurrently to the sentence defendant is presently serving in the state of Nebraska. Defendant shall be released to Nebraska authorities on demand."

---

[1] Second-degree forgery is a class 4 felony, punishable pursuant to section 18-1-105(1), C.R.S. 1973 (1976 Supp.) (one day to ten years imprisonment).

The issue before us is whether the trial court had jurisdiction to order a defendant, appearing by reason of the Agreement on Detainers, to serve a sentence concurrently with a sentence that was then being served in Nebraska. In our view, the trial court had jurisdiction to impose the sentence.

A persistent problem in the area of sentencing has been the fragmented character of the punishment imposed upon criminals who commit crimes in a number of states. Punishment, rehabilitation of the defendant, and protection of the public are desired goals in the sentencing process. The fact that sentencing must occur in multiple jurisdictions should not automatically blind a sentencing court to the penal program already in process. *See, e.g.,* Note, *Detainers and the Correctional Process,* 1966 Wash. U.L.Q. 417 (1966). We adhere to the general statutory mandate which requires broad construction of the sentencing provisions of the criminal code. Section 18-1-102, C.R.S. 1973. In *People v. Alvarez,* 187 Colo. 290, 530 P.2d 506 (1975), we said:

"[A] sentencing court should tailor the sentence to the defendant, keeping in mind past record, potential for rehabilitation, and protection of the public as well."

The Colorado Criminal Code states that:

"Except as otherwise provided by statute, felonies are punishable by imprisonment in the state penitentiary." Section 18-1-105(1), C.R.S. 1973. However, the Colorado Criminal Code also provides the above section is not to be construed technically to prevent the courts from fashioning appropriate sentencing procedures. *See* section 18-1-102, C.R.S. 1973. The Colorado Code of Criminal Procedure states that "*as a general rule*, imprisonment for the conviction of a felony by an adult offender shall be served in the state penitentiary." Section 16-11-301(1), C.R.S. 1973 (emphasis added). However, the legislature also sets forth a number of sentencing alternatives and provides that "[t]he defendant may be sentenced to comply with any other court order authorized by law." Section 16-11-101(f), C.R.S. 1973.

When an offender has committed offenses in a number of different jurisdictions, the sentence imposed should "promote maximum fulfillment" of the legislative directives in the sentencing statutes. Section 18-1-102, C.R.S. 1973. The court order authorizing a sentence to run concurrently with another sentence, to be served at an out-of-state institution, is within the power and jurisdiction of the sentencing court. The substance of the principles articulated in the *American Bar Association Standards Relating to Sentencing Alternatives and Procedures* § 3.5, in this regard, insofar as they are consistent with the stated general purposes of the Colorado Code of Criminal Procedure, may be deemed to be "authorized by law" within the meaning of section 16-11-101(f), C.R.S. 1973, and Crim.P. 32(b). *See also National Advisory Commission on Criminal*

*Justice Standards and Goals, Corrections*, Standard 5.6 (1973).

A similar result was reached in *In re Patterson*, 64 Cal.2d 357, 411 P.2d 897, 49 Cal.Rptr. 801 (1966). There the sentencing court had sentenced the defendant to a term to run concurrently with a previously-imposed Texas sentence, to be served at a Texas penal institution. A unanimous California Supreme Court held that the statutory authority to impose a concurrent sentence carried with it the authority to direct its execution at an out-of-state penal institution. *Accord, In re Stoliker*, 49 Cal. 2d 75, 315 P.2d 12 (1957) (concurrent state sentence to be served at federal penitentiary).

■ It is well established that our courts may impose concurrent sentences. *See People v. O'Donnell*, 184 Colo. 104, 518 P.2d 945 (1974); *People v. Duran*, 183 Colo. 180, 515 P.2d 1117 (1973); *Maynes v. People*, 169 Colo. 186, 454 P.2d 797 (1969). *See also* section 18-1-408(3), C.R.S. 1973. Moreover, in the area of concurrent sentencing, this court has previously adopted provisions of the *American Bar Association Standards Relating to Sentencing Alternatives and Procedures. See DeBose v. People*, 175 Colo. 356, 488 P.2d 69 (1971) (both majority and dissent adopted *ABA Standards* as correct expression of law).

Three further considerations strengthen the conclusion that the sentencing court had the power to impose the sentence in this case. First, when previously faced with a situation where "[w]e have neither rule nor statute that requires a trial judge to grant a defendant credit for time which he has served in jail before there is an ascertainment of guilt," we nonetheless adopted the reasoning of the *American Bar Association Standards Relating to Sentencing Alternatives and Procedures* § 3.6 in holding:

"It is clear, however, that the trial judge should consider the time that the defendant is confined prior to the imposition of sentence, and justice requires no less."
*People v. Jones*, 176 Colo. 61, 489 P.2d 596 (1971).

Second, we have previously stressed the need for interstate cooperation in dealing with the punishment and rehabilitation of convicts:

"[W]hen a person had placed himself in the position of being convicted of crimes in several states, *the question of how and when the sentences for such crimes are to be served is essentially a matter of comity between the states* and not one of a personal, constitutional right of the person."
*Gottfried v. Cronin*, 192 Colo. 25, 555 P.2d 969 (1976) (emphasis added); *accord, Alire v. People* 171 Colo. 228, 466 P.2d 78 (1970).

The General Assembly has recognized the need for interstate cooperation in the corrections field by enacting the Interstate Corrections Compact. Section 24-60-1601, *et seq.*, C.R.S. 1973. The Interstate Corrections Compact provides a procedure "for the confinement of inmates of a sending state in institutions situated within the receiving states." Section

24-60-1602, C.R.S. 1973. However, in this case, the Interstate Corrections Compact merely reflects the intent of the legislature. The defendant is serving a sentence in Nebraska for violation of a Nebraska penal statute. The Colorado court merely granted the defendant credit for the time he serves in Nebraska.

Third, we have previously approved a procedure which in substance is indistinguishable from the case before us. In *Alire v. People, supra*, the defendant had first been convicted in federal court and sentenced to the federal penitentiary. Pending his appeal of that conviction, he was convicted of another crime by a Colorado court and sentenced to ten to fifteen years in the state penitentiary. The defendant also appealed his state conviction and was released on bail pending appeal. Upon his release by state officials, he was arrested by federal authorities and ultimately confined in the federal penitentiary in Leavenworth, Kansas. Two years later, upon completion of his federal sentence, the defendant was released from the federal penitentiary and returned to the Colorado state penitentiary. He thereupon sought a writ of habeas corpus, alleging *inter alia* a violation of due process. We answered his contention as follows:

"[T]he transfer of the petitioner to the federal penitentiary and back again to the state penitentiary did not result in any unfairness to the defendant. He was given full credit against his Colorado sentence for the time he spent in the federal prison. Had the petitioner remained in prison in Colorado he would not have been eligible for parole any earlier than he is now. *The effect of the transfers has been to make the federal and state sentences to run concurrently*, a benefit he would not have had had he served out his state sentence before beginning his federal sentence."

*Alire v. People, supra* (emphasis added). In comparing the case before us in *Alire* to that of *Jones v. Rayborn*, 346 S.W.2d 743 (Ky. 1961), we noted that, without the "credit," the procedure would have been unfair and constitutionally defective. *Alire v. People, supra.* Accordingly, we have approved what was "in effect" a concurrent sentence served at an out-of-state institution.[2]

We hold that in the imposition of this sentence the court did not act in excess of its jurisdiction. We do, however, find one defect in the sentence. The "Judgment and Sentence and Mittimus" in this case fails to address the contingency that the prisoner may be released by the Nebraska authorities while a portion of his Colorado sentence remains to be served. A transfer of the prisoner, under these circumstances, would not amount to a waiver of jurisdiction over him. *See Gottfried v. Cronin, supra.* Accordingly, the sentencing order should specify that jurisdiction

---

[2] As pointed out in *Alexander v. Wilson*, 189 Colo. 321, 540 P.2d 331 (1975), the power of the court to impose such a concurrent sentence does not in all cases create a *right* to such a sentencing procedure. We deal in this case, however, only with the power to impose the sentence.

over the defendant is retained and that he shall be returned to this state upon release from confinement in Nebraska if he has not fully served the time of imprisonment specified by the Colorado sentence. It should further be specified that the sentencing court may, upon his return, order execution of the remainder of the Colorado sentence in a manner authorized by law.

Since all parties agree that the sentencing court retains jurisdiction to correct the sentence, *see* Crim.P. 35(a), the case is remanded to the sentencing court for modifications and other proceedings consistent with this opinion.

MR. JUSTICE KELLEY concurs in the result.