## No. 27372

**Joseph H. Lander v. Donald E. Evans, Superintendent of the Colorado State Penitentiary, and Raymond Leidig, MD, Executive Director of the Department of Institutions**

(564 P.2d 115)

Decided May 16, 1977.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Mary G. Allen, Deputy, for petitioner-appellant.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edward G. Donovan, Solicitor General, Richard G. McManus, Jr., Assistant, for respondents-appellees.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

The appellant, Joseph Lander, appeals from the order of the district court discharging a Writ of Habeas Corpus. He contends that he is entitled to have certain periods of time served in California credited against a Colorado sentence that he is now serving. The trial court refused such relief and we affirm.

The appellant was convicted of rape and assault and was sentenced to the Colorado State Penitentiary for a term of from three to six years. In March, 1973, he was placed on escape status but within a month was arrested in California. Ultimately, he was tried and imprisoned in California for crimes committed there.

His claims for credit on the Colorado sentence stem from the appellant's two transfers from California to Colorado. Following his arrest in California, the appellant was temporarily returned here to answer to criminal charges involving his escape. He was, however, improperly placed in the state penitentiary and was there for almost two months before being transferred to the proper place of incarceration, the Fremont County Jail. Although he received credit on his sentence for that two-month period, the appellant contends that his sentence recommenced and continued to run even after the escape charges were disposed of and he was returned to California.

After he began serving his California sentence, the appellant requested that he be returned to Colorado in order that his Colorado and California sentences run concurrently. This procedure was authorized under California law. Cal Pen. Code, sec. 669 (West 1970); *In Re Patterson*, 64 Cal.2d 357, 411 P.2d 897, 49 Cal. Rptr. 801 (1966). There was, however, a delay in his return of almost ten months from the initial request, and the appellant also contends that he should receive credit for the period of delay in returning him to the penitentiary.

■ In Colorado, there is no requirement that a sentence run concurrently with a sentence imposed by a foreign jurisdiction. *See People v. Lewis,* 193 Colo. 203, 564 P.2d 111. *See also Alexander v. Wilson,* 189 Colo. 321, 540 P.2d 331 (1975); *cf. Lange v. Schauer,* 184 Colo. 373, 520 P.2d 753 (1974).

■ Here, neither the temporary return to Colorado to answer to the escape charges nor the delay in permanently returning the appellant requires the relief the defendant seeks. While in some aggravated situations a state which intentionally relinquishes custody of a prisoner may be required to provide credit for periods of incarceration served in a foreign jurisdiction, *see Jones v. Rayborn*, 346 S.W.2d 743 (Ky. 1961), that was

not the case here. The appellant escaped from Colorado, and his initial return was only temporary and for the limited purpose of having him answer to pending criminal charges. *See* section 24-60-501(V)(g), C.R.S. 1973. Thus his return to California after the disposition of the escape charges was proper and no credit need be given.

■ Furthermore, the appellant need not be credited for the period of delay in permanently returning him to Colorado. Even where an individual is being incarcerated *solely* in anticipation of return to another jurisdiction, generally there is no obligation to provide credit on his sentence, *see In Re Tanner*, 178 Cal. 792, 175 P. 81 (1918), and here the appellant was serving a valid California sentence during that period, *cf. Jennings v. Hunt*, 272 So.2d 333 (La. 1973).

The order of the district court is affirmed.