### No. 27817

**The People of the State of Colorado v. The District Court for the Second Judicial District, State of Colorado, and the Honorable Susan Graham Barnes, as one of the judges thereof**

(575 P.2d 7)

Decided February 21, 1978.

Dale Tooley, District Attorney, O. Otto Moore, Assistant, Brooke Wunnicke, Chief Appellate Deputy, for petitioner.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, James M. Leventhal, Deputy, for respondents.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

This is an original proceeding brought by the district attorney. The respondent court had ordered that a person, here called the defendant, be sent to the Menninger Clinic in Topeka, Kansas for a six-week psychiatric evaluation. We issued a rule to show cause why the respondent court had authority to make this order, and we stayed enforcement of the order until we reached a determination under the rule. We now make the rule absolute.

The defendant is a minor, born June 9, 1961. On November 23, 1976 the juvenile court in Denver, after a hearing, transferred the defendant's cause to the respondent district court for further proceedings. In doing so, the juvenile court found that there was probable cause to believe that the defendant had committed the following offenses:

(1) May 24, 1976, attempted sexual assault in the first degree.

(2) September 3, 1976, attempted sexual assault in the first degree, misdemeanor menacing, and sexual assault in the third degree.

(3) September 16, 1976, attempted aggravated robbery and felony menacing.

(4) September 27, 1976, aggravated robbery and second degree assault.

(5) September 29, 1976, felony menacing.

(6) September 30, 1976, sexual assault in the first degree.

The juvenile court further determined that the likelihood of rehabilitation within the facilities provided by the juvenile system was slight.

Thereafter, on May 25, 1977, the defendant entered pleas of guilty in the respondent court to attempted first-degree sexual assault and second-degree sexual assault.

On June 9, 1977 the deputy district attorney, by motion, requested that proceedings commence pursuant to the Colorado Sex Offenders Act, section 16-13-201 *et seq.*, C.R.S. 1973. The motion was granted, and the respondent judge ordered the defendant committed to the Colorado State Hospital in Pueblo for psychiatric examination. The psychiatric reports from this evaluation were admitted into evidence at a hearing conducted by the respondent judge on August 24, 1977. She found that these reports indicated that the defendant would constitute a threat of harm to the public if at large.

At a hearing held on August 31, 1977 the respondent judge concluded that an evaluation by the Menninger Clinic as to the treatability, and nature and length of treatment, of the defendant would be very beneficial in reaching a determination as to disposition of the defendant. She, therefore,

ordered the evaluation. The court also terminated the proceedings under the Sex Offenders Act.

■ The issue before us is whether the respondent court has the authority to order that the defendant be removed, held and examined outside of the State of Colorado for a presentence evaluation. In making our determination, we assume — but do not rule upon the question — that the district court has all the powers of the juvenile court in addition to and as an exception to the Mandatory Sentencing Act. Section 16-11-309, C.R.S. 1973 (1976 Supp.).

We find no statute or case which explicitly gives the respondent court the authority to remove the defendant from the state for this evaluation. The case relied upon by the respondent court is *People v. Lewis*, 193 Colo. 203, 564 P.2d 111 (1977). There the defendant was already serving a sentence in Nebraska at the time he was temporarily returned to Colorado to face other charges. He was returned to Colorado pursuant to the "Agreement on Detainers." Section 24-60-501 *et seq.*, C.R.S. 1973. The court allowed the sentence it was imposing to run concurrently with the Nebraska sentence which the defendant was immediately going back to serve, giving the defendant credit for the time to be served in Nebraska. It was clear that the defendant was going to be immediately taken back to Nebraska regardless of what sentence the Colorado court happened to impose. Section 24-60-501(V), C.R.S. 1973.

*People v. Lewis, supra*, is not authority for removal of the defendant to another state in connection with proceedings held solely in Colorado.

We hold that, if such a removal is to be ordered, it must be pursuant to statutory authority.

Rule made absolute.

MR. JUSTICE CARRIGAN does not participate.