**Charles Edward MOORE, Petitioner-Appellant,**

v.

**James G. RICKETTS, Executive Director, Colorado Department of Corrections, State of Colorado, Respondent-Appellee.**

**No. 81SA32.**

Supreme Court of Colorado, En Banc.

Nov. 29, 1982.

J. Gregory Walta, Colorado State Public Defender, Margaret L. O'Leary, Deputy State Public Defender, Denver, for petitioner-appellant.

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Mary E. Ricketson, Asst. Atty. Gen., Denver, for State of Colorado.

HODGES, Chief Justice.

Petitioner Moore is currently serving a 20 to 40 year sentence at the Colorado State Penitentiary having been convicted on January 4, 1979, of aggravated robbery and theft. He is serving this sentence concurrently with another sentence imposed as the result of a previous Colorado conviction.[1] The petitioner was tried in Kansas on the charges of kidnapping, aggravated robbery, and first-degree murder, and was convicted and sentenced to a consecutive sentence to be served when his Colorado sentence is completed.

Pursuant to the Uniform Criminal Extradition Act, Section 16–19–101 *et seq.*, C.R.S. 1973 (1978 Repl.Vol. 8), and the Agreement on Detainers, Section 24–60–501 *et seq.*,

1. On October 24, 1978, the petitioner was sentenced to 15–40 years by the District Court of Adams County for aggravated robbery.

C.R.S.1973, the petitioner was transferred on July 6, 1979 from the Colorado State Penitentiary to Kansas to stand trial and then was returned in accordance with an executive agreement[2] to the Colorado State Penitentiary. Both of these uniform acts have been adopted in Kansas. The transfer to Kansas was made one day after this court affirmed the trial court's denial of a previous petition for habeas corpus that the petitioner had filed to contest that transfer. See Moore v. Miller, 198 Colo. 24, 596 P.2d 64 (1979).

On March 11, 1980, after petitioner's return to Colorado from Kansas the Colorado State Penitentiary received a request from Kansas authorities that they be notified 60 days prior to the petitioner's release so that his consecutive sentence could be served in Kansas. This notification is in the form of a detainer. By a petition for habeas corpus in the trial court, the petitioner sought to invalidate this request by Kansas authorities. The petition was denied by the trial court and the petitioner appealed to this court. We affirm.

It is argued on appeal that the State of Kansas has no authority to lodge this request for notification because that state relinquished and waived jurisdiction over the petitioner by transferring him back to Colorado to resume serving his Colorado sentence without first providing him with an extradition proceeding.

■ The trial court held that this request for notification or "update to a detainer" was no more than a "flagging device," filed merely to alert the Kansas authorities 60 days before the petitioner's release, so that they could then take whatever action they deemed appropriate. It was not a request for extradition or to take custody. The sole purpose of this request, as correctly decided by the trial court, was to show a continued interest in the petitioner and to prevent the petitioner's release without prior notice to Kansas authorities. It is not a detainer under the provisions of the statute on

"Agreement on Detainers," section 24–60–501, C.R.S.1973. The petitioner has many years remaining on his Colorado sentence. Thus, it is premature for the petitioner, at this time, to attempt to have his transfer back to Kansas blocked. When and if Kansas takes some action many years from now to transfer the petitioner to Kansas, the petitioner may then have a basis to contest it. However, the petitioner's argument that this request for notification or "detainer update" must be removed will be addressed so that there will be no doubt that it may be kept on record. Even if this "flagging device" or update is given the same scrutiny as a detainer, it still may be left on record.

■ The petitioner contends that due to irregularities in the original proceedings involving his transfer to Kansas and return to Colorado, Kansas has waived its rights to him. The basic irregularity petitioner claims is that the transfers were pursuant to the Uniform Criminal Extradition Act, when the Colorado courts had previously denied his petition for habeas corpus based on the Agreement on Detainers Act.

Here, the facts clearly demonstrate no waiver by Kansas authorities. The return of the petitioner was directly pursuant to an executive agreement between the Governors of Colorado and Kansas. The petitioner was to stand trial in Kansas and then be returned to Colorado to complete his Colorado sentence. The unremitting interest of Kansas in the petitioner is also evidenced by the request of March 11, 1980 for notification 60 days prior to release, and by the executive agreement which stated the necessity of gaining the presence of the petitioner in Kansas because of speedy trial requirements.

The petitioner also argues that the "update to the detainer" is a stigma on his institutional record at the penitentiary which could hamper his parole, and thus it must be removed. This is not the same stigma the Agreement on Detainers Act seeks to eliminate. Article I of section 24–

---

**2.** Such executive agreement is in conformity with the procedure set out in Article IV of the Agreement on Detainers and section 16–19–

106, C.R.S.1973 (1978 Repl.Vol. 8) of the Extradition Act.

60–501, C.R.S.1973, (Agreement on Detainers), states as among its goals, the reduction of "uncertainties" regarding untried pending charges and the "determination of the proper status" of detainers involving such charges. Such goals are not relevant here where the defendant has been tried, convicted, and sentenced on all pending charges in Colorado and Kansas. There is no uncertainty as to the petitioner's status.

The service of sentences imposed in different states is "essentially a matter of comity between the states." *Gottfried v. Cronin,* 192 Colo. 25, 31, 555 P.2d 969, 973 (1976). There is neither prejudice nor unfairness to this petitioner because of the request of Kansas to be notified 60 days in advance of his release from the penitentiary. *See Alire v. People,* 171 Colo. 228, 466 P.2d 78 (1978). His petition in the trial court for habeas corpus is without merit and the trial court's judgment denying it was proper.

Judgment affirmed.

LOHR, J., concurs in the result.