The PEOPLE of the State of Colorado, Plaintiff-Appellant,

v.

Donald G. EMIG, Defendant-Appellee.

Nos. 82SA198, 82SA241.

Supreme Court of Colorado.

Jan. 30, 1984.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert M. Petrusak, Asst. Atty. Gen., Denver, for plaintiff-appellant in No. 82SA198.

Thomas C. Henley, Colorado Springs, for defendant-appellee in No. 82SA198 and defendant-appellant in No. 82SA241.

J.D. McFarlane, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Cantrick, Sol. Gen., Robert M. Petrusak, Asst. Atty. Gen., Denver, for plaintiff-appellee in No. 82SA241.

QUINN, Justice.

These consolidated appeals [1] arise out of a Crim.P. 35 motion, wherein the defendant, Donald G. Emig, claimed that he was entitled to presentence and other credits against his 1975 sentence for conspiracy to commit second degree burglary of a dwelling. The district court granted the defendant credit for four months and fifteen days spent in presentence confinement while awaiting sentence, awarded him statutory good time credit on the presentence confinement, and denied all the other claims. The People and the defendant filed separate appeals from the court's judgment. We affirm in part, reverse in part, and remand for correction of the sentence and mittimus.

## I.

This case stems from a sequence of events beginning in June 1973 and involves a number of prosecutions commenced against the defendant in both state and federal courts. On June 28, 1973, the defendant was charged in the District Court of El Paso County with one count of fraud by check [2] (Criminal Action No. 18948). He was released on bail on or about July 3, but three weeks later he was returned to the El Paso County jail because he had been unable to provide the collateral required by the bondsman. The defendant was again released on bail in August, but failed to appear in court on September 4, whereupon the court ordered the bail forfeited and issued a bench warrant for his arrest. The defendant was subsequently arrested in New York City as a fugitive on February 14, 1974, and while in federal custody was convicted and sentenced for the federal crime of making a false loan application.[3] On October 16, 1974, before commencing service of his federal sentence, the defendant was returned to the El Paso County jail where he remained until November 21, when Criminal Action 18948 was dismissed due to insufficient evidence.

On the same day as the dismissal, the district attorney filed another case in the same court (Criminal Action No. 21338), charging the defendant with six counts of fraud by check.[4] The defendant, who remained in custody on these charges, was convicted on the six counts and was sentenced on May 30, 1975, to a total term of sixteen years.[5] It was expressly stated in the sentence that "the court has taken into consideration and given defendant credit for the time already spent in the El Paso County jail or in any other incarceration concerned with this case while awaiting disposition ...," and that the sentence was consecutive to any previously imposed federal sentence. Over a year later the convictions were reversed due to the unconstitutionality of the fraud by check statute. *People v. Emig*, 191 Colo. 223, 552 P.2d 312 (1976).

The defendant also had been charged in the District Court of El Paso County in yet another case, Criminal Action No. 21742, with two counts of conspiracy to commit

---

1. The People originally filed an appeal (Case No. 82SA198), pursuant to section 16–12–102, C.R.S.1973 (1978 Repl.Vol. 8), and C.A.R. 4(b). The defendant thereafter filed an appeal (Case No. 82SA241), after which the People filed a motion to consolidate, which we granted in the interest of judicial economy.

2. C.R.S.1963, 40–5–205 (1971 Perm.Supp.).

3. The defendant was sentenced by the federal court in Syracuse, New York on October 11, 1974. He also was sentenced by the federal court in Colorado on January 15, 1975, on another charge of making a false statement on a loan application. *See Emig v. Bell,* 456 F.Supp. 24 (D.Conn.1978).

4. C.R.S.1963, 40–5–205 (1971 Perm.Supp.).

5. The defendant received consecutive sentences on each fraud by check conviction. He also had been charged with one count of bond jumping, C.R.S.1963, 72–20–10, for which he was convicted and was sentenced to pay a $1,000 fine.

second degree burglary of a dwelling.[6] After pleading guilty to one count, he was sentenced on July 3, 1975, to a term of fifteen to twenty years, concurrent with the sentence previously imposed in Criminal Action No. 21338. The conspiracy sentence recited that consideration had been given "for time spent in Jail awaiting trial and sentencing ...." Subsequently, on September 29, 1975, the court amended the conspiracy sentence to an indeterminate term not to exceed ten years,[7] without, however, stating whether it had taken into consideration the defendant's presentence confinement on the conspiracy charge.

The defendant remained in custody on the indeterminate to ten year sentence until May 6, 1977, when he was paroled to federal authorities for the purpose of serving the previously imposed federal sentence. He was released from federal custody on March 6, 1978. On August 17, 1979, he was arrested and once again charged in the District Court of El Paso County with fraud by check,[8] along with three counts of habitual criminality[9] (Criminal Action No. 79CR1158). While in the El Paso County jail on these new charges, a detainer was placed on the defendant for violating his Colorado parole. Pursuant to a plea agreement, the defendant pled guilty to fraud by check in exchange for dismissal of the habitual criminal counts, and was sentenced on May 16, 1980, to a four year term, with credit for presentence confinement from the date of his arrest on August 17 to the date of the sentence. The defendant's parole under his sentence in Criminal Action No. 21742 was ultimately revoked on July

10, 1980, because of his most recent conviction on the fraud by check charge.

The defendant filed a motion under Crim.P. 35 on December 31, 1981, alleging that the sentence of September 29, 1975, to an indeterminate term not to exceed ten years, imposed in Criminal Action No. 21742 for conspiracy to commit second degree burglary of a dwelling, was illegal for several reasons, including the following: he had not received credit for presentence confinement in connection with the conspiracy charge; he was entitled to have credited against the conspiracy sentence the presentence confinement served in the 1973 fraud by check case (Criminal Action No. 18948) and the 1974 fraud by check case (Criminal Action No. 21338); and, finally, he was entitled to credit on the conspiracy sentence for the time served on federal parole as well as the period spent in jail on a Colorado parole hold prior to his most recent sentence on May 16, 1980, for fraud by check. The district court on March 12, 1982, granted the defendant credit for four months and fifteen days against the conspiracy sentence, this period representing the presentence confinement served by the defendant between February 18, 1975, when he was charged, to July 3, 1975, when he was initially sentenced to a term of fifteen to twenty years. The court also ordered the Department of Corrections to award the defendant statutory good time credit for this period of presentence confinement in the same manner as if he had served the four months and fifteen days in the penitentiary.[10] The defendant's other

---

**6.** Section 18–2–201 and 18–4–203, C.R.S.1973.

**7.** Shortly after the defendant was sentenced on July 3, 1975, the crime of conspiracy to commit second degree burglary of a dwelling was reduced from a class 3 to a class 4 felony, Colo. Sess.Laws 1975, ch. 167, 18–2–206 at 617, with a penalty of an indeterminate term to 10 years, Colo.Sess.Laws 1974, ch. 102, 40–1–105 (now 18–1–105) at 409. On September 5, 1975, the defendant filed a Crim.P. 35 motion requesting the court to vacate the original sentence of fifteen to twenty years and to resentence him in accordance with the new sentencing law. The district court, noting that the defendant's conviction had not yet become final, relied on *Peo-*

*ple v. Thomas,* 185 Colo. 395, 525 P.2d 1136 (1974), in granting the motion. *Thomas* held that when a conviction is not yet final, a defendant should be given the benefit of any amendatory legislation which mitigates the penalty for the conviction.

**8.** Section 18–5–205, C.R.S.1973 (1978 Repl.Vol. 8).

**9.** Section 16–13–101, C.R.S.1973 (1978 Repl.Vol. 8).

**10.** Good time credit refers to credit reductions based on a prisoner's compliance with the rules and regulations of the institution and his per-

Crim.P. 35 claims were denied. Both the People and the defendant have filed separate appeals challenging various aspects of the court's disposition of the Crim.P. 35 motion.

## II.

The People challenge that part of the judgment granting the defendant credit for four months and fifteen days of presentence confinement and also for statutory good time credit on the presentence confinement. They initially argue that the court lacked jurisdiction under Crim.P. 35 to award presentence confinement credit in 1982 on a sentence imposed in 1975; alternatively, the People claim that even if the court had jurisdiction to entertain the Crim.P. 35 motion, it erred in ordering that the defendant be credited with statutory good time on the period of presentence confinement.

## A.

■ We turn first to the jurisdictional issue raised by the People. Crim.P. 35(c)(2)(IV) authorizes post-conviction relief without regard to time limitations for any sentence that "exceeded the maximum authorized by law, or is otherwise not in accordance with the sentence authorized by law." We are satisfied that the Crim.P. 35 court had jurisdiction in this case to award the defendant credit for presentence confinement of four months and fifteen days.

On September 29, 1975, when the defendant was sentenced to an indeterminate term not to exceed ten years, section 16–11–306, C.R.S.1973, provided as follows:

"(1) In sentencing a defendant to imprisonment, the sentencing judge shall take into consideration that part of any presentence confinement which the defendant has undergone with respect to the transaction for which he is to be sentenced.

"(2) The judge shall state in pronouncing sentence, and the judgment shall recite, that such consideration has been given, but no sentence shall be set aside or modified on review because of alleged failure to give such consideration unless the record clearly shows that the judge did not, in fact, consider the presentence confinement when imposing sentence.

"(3) If the maximum sentence imposed is longer than the statutory maximum for the offense less the amount of allowable presentence confinement, it shall be presumed that the judge did not consider the presentence confinement.

"(4) The provisions of this section shall apply to defendants sentenced before or after the July 1, 1972, effective date of this section." [11]

We have previously held that this statute, while not mandating an actual award of presentence confinement, did nonetheless require the sentencing court at least "to give consideration to presentence confinement during the sentencing process." *People v. Martinez,* 192 Colo. 388, 390, 559 P.2d 228, 230 (1977).

■ In this case the sentencing judge on September 29, 1975, imposed an indeterminate sentence not to exceed ten years, which was the statutory maximum for conspiracy to commit second degree burglary of a dwelling. When considered in light of section 16–11–306(3), C.R.S.1973, it is obvious that the ten year maximum is longer than the "statutory maximum ... less the amount of allowable presentence confinement." It must therefore be presumed that the sentencing judge did not consider

formance of work, duties, and tasks in a faithful, diligent, industrious, orderly, and peaceable manner. *See* section 17–20–107, C.R.S.1973 (1983 Supp.).

**11.** This section was amended, effective July 1, 1979, to provide as follows:

"A person who is confined prior to the imposition of sentence is entitled to credit against the term of his sentence for the entire period

of such confinement. At the time of sentencing, the court shall make a finding of the amount of presentence confinement to which the offender is entitled and shall include such finding in the mittimus. Such period of confinement shall be deducted from the sentence by the department of corrections." Section 16–11–306, C.R.S.1973 (1983 Supp.).

the defendant's presentence confinement in imposing the indeterminate to ten year sentence. The sentence itself fails to recite such consideration, and nothing in the record serves to rebut the statutory presumption.

The failure of the sentencing judge to consider the defendant's presentence confinement at the sentencing hearing on September 29, 1975, violated the statutory mandate of section 16–11–306 and rendered the sentence subject to later correction under Crim.P. 35(c)(2)(IV). The district court, therefore, had jurisdiction to consider the defendant's claim to presentence confinement credit and also had discretion to award such credit against the sentence.

### B.

■ The People also challenge that part of the district court's order requiring the Department of Corrections to credit the defendant's term of presentence confinement with statutory good time. We conclude that the district court erred in its award of good time credit to the defendant.

There is no constitutional right to good time credit for presentence confinement. *People v. Turman*, 659 P.2d 1368 (Colo. 1983). Nor was there any statutory right to such credit in 1975, when the sentence in question was imposed. By statute, good-time credit exists only in the case of crimes committed on or after July 1, 1979.[12] Section 17–22.5–101, C.R.S.1973 (1983 Supp.); *see People v. Chavez*, 659 P.2d 1381 (Colo. 1983). The court therefore had no basis in law for mandating good time credit for presentence confinement resulting from a crime committed in 1975.

### III.

We turn to the defendant's three claims for entitlement to various credits against the indeterminate to ten year sentence im-

posed on September 29, 1975. We address each claim separately.

### A.

■ The defendant initially claims credit for presentence confinement served in both the 1973 and 1974 fraud by check cases (Criminal Action Nos. 18948 and 21338). Because this court has held that a defendant has no constitutional right to credit for presentence confinement served in connection with the charge ultimately resulting in a judgment of conviction, *e.g., People v. White*, 623 P.2d 868 (Colo.1981); *Godbold v. District Court*, 623 P.2d 862 (Colo.1981), it follows all the more that a defendant has no constitutional entitlement to credit for presentence confinement served in connection with some other charge. The defendant's claim for presentence confinement must therefore be evaluated within the framework of statutory law existing on the date of sentencing.

When the defendant was sentenced on September 29, 1975, section 16–11–306(1), C.R.S.1973, required the sentencing judge to take into consideration "that part of any presentence confinement which the defendant has undergone with respect to the transaction for which he is to be sentenced." The sentencing court's duty, by the plain terms of the statute, was limited to a consideration of presentence confinement resulting from the transaction for which the defendant was awaiting sentence and no other. *People v. Loggins*, 628 P.2d 111 (1981).

The defendant argues that the 1973 and 1974 fraud by check charges were part of the same transaction for which he was sentenced on September 29, 1975. The defendant's argument is plainly without merit. The sentence of September 29, 1975, was imposed for conspiracy to burglarize a dwelling, a crime committed by the defendant in 1975 and totally unrelated to the prior fraud by check charges. The sepa-

---

**12.** Good time credit for crimes committed prior to July 1, 1979, is allowed only for a "prisoner confined in the correctional facilities at Canon City." Section 17–20–107, C.R.S.1973 (1983 Supp.). By contrast, persons convicted of

crimes after that date are entitled to a determination of good time credit for presentence confinement. Section 17–22.5–101, C.R.S.1973 (1983 Supp.); *People v. Chavez*, 659 P.2d 1381 (Colo.1983).

rate character of the 1973 and 1974 check transactions negates any arguable claim to credit for presentence confinement under the controlling statute.[13]

**B.**

We next consider the defendant's claim that he was entitled to credit for the period that he was paroled to federal custody. This claim proceeds from alternative assumptions, neither of which is legally supportable.

■ One of the defendant's assumptions is that the sentencing judge intended the Colorado sentence to be served concurrently with the federal sentence, at least from that point in time when the defendant was paroled to federal custody. We find this assumption fallacious. There is nothing of record indicating that the Colorado sentencing court intended any part of its indeterminate sentence to run concurrently with the federal sentence. The Colorado and federal sentences were imposed for discrete crimes committed against two independent sovereigns at different times. In the face of a silent record we will not presume an intent to make a Colorado sentence concurrent with that of another jurisdiction. *See United States v. Kanton,* 362 F.2d 178 (7th Cir.1966) (absent clear intent to have defendant's federal sentence run concurrently with a state sentence, his federal sentence did not commence until the United States Marshall assumed custody over him at the place of detention); *cf. Lander v. Evans,* 193 Colo. 179, 564 P.2d 115 (1977) (where defendant serving Colorado sentence escapes and is convicted and imprisoned in California for crimes committed there, and later is returned to Colorado for trial on charges arising out of escape and then transferred back to California to serve California sentence, defendant not entitled to credit for time served in California upon his ultimate return to Colorado to complete service of initial Colorado sentence); *People v. Lewis,* 193 Colo. 203, 564 P.2d 111 (1977) (Colorado court had jurisdiction to sentence defendant concurrently with Nebraska sentence where Colorado sentence specifically stated that it "shall run concurrently to the sentence defendant is presently serving in the state of Nebraska").

■ The other assumption relied on by the defendant is that he was entitled to credit on the indeterminate sentence by virtue of his Colorado parole status while serving his federal sentence. This assumption, however, is refuted by the statutory parole scheme. Although section 17–2–206(1), C.R.S.1973 (1983 Supp.), grants a parolee who "so behaves and conducts himself as not to incur his reincarceration" credit against his sentence for time served on parole, section 17–2–205, C.R.S.1973 (1983 Supp.), provides otherwise in the case of a parolee who is returned to the department of corrections as a parole violator. The latter section states that the returned parolee shall be confined according to the term of the original sentence and that in computing the period of his confinement the time between his release and return "shall not be taken to be any part of the term of the sentence." Thus, the revocation of the defendant's parole on July 10, 1980, as the result of his conviction of fraud by check in Criminal Action No. 79CR1158, vitiated his entitlement to any credit for his federal sentence served while on parole from his Colorado sentence.

**C.**

■ The defendant also claims that he should be credited with the time he spent in the El Paso County jail on the parole detainer lodged against him in August 1979. We find no merit in this claim. When the parole detainer was filed, the defendant had already been confined in jail on the most recent fraud by check charge in Crim-

---

13. As noted in note 11, *supra,* the 1979 amendment to section 16–11–306 states, *inter alia,* that "[a] person who is confined prior to the imposition of sentence is entitled to credit against the term of his sentence for the entire period of such confinement." We express no opinion on the effect of the 1979 amendment to a claim for presentence confinement served on a criminal charge that is not part of the same transaction for which a defendant is ultimately sentenced.

inal Action No. 79CR1158. When sentenced on May 16, 1980, the defendant received full credit for the period of presentence confinement against the sentence imposed on his fraud by check conviction. As the Crim.P. 35 court noted, to grant the defendant credit for this same period of confinement against his previous 1975 conspiracy sentence would result, in effect, in his receiving double credit for that confinement. Moreover, the defendant's claim for credit on his 1975 conspiracy sentence is actually based on county jail confinement served during 1979 and 1980 in connection with a fraud by check charge filed in August 1979. The defendant's county jail confinement during 1979 and 1980, at least in relation to the 1975 conspiracy sentence, is not "presentence" confinement within the intendment of section 16-11-306.[14]

### IV.

We affirm those parts of the Crim.P. 35 judgment that grant the defendant credit for four months and fifteen days presentence confinement, that deny him credit for the period of parole spent in federal custody, and that deny him credit for county jail confinement on a parole violation while he was awaiting prosecution on a new fraud by check charge. We reverse that part of the judgment crediting the defendant with statutory good time credit for the four months and fifteen days of presentence confinement credited against his indeterminate to ten year sentence. The cause is accordingly remanded to the district court for correction of the sentence and mittimus in accordance with the views herein expressed.

---

**14.** The defendant in his brief states that he intends to preserve two claims, both of which are stated in conclusory form only. He contends that Colorado lost jurisdiction over him when it paroled him to federal authorities and also when "it imposed a sentence consecutive to a federal sentence which by its terms was consecutive to the state sentence." We find no merit to the defendant's claims under the facts of this case. *See generally Alexander v. Wilson,* 189 Colo. 321, 540 P.2d 331 (1975); *Alire v. People,* 171 Colo. 228, 466 P.2d 78 (1970).