**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Samuel MACK, Defendant-Appellant.**

**No. 83SA267.**

Supreme Court of Colorado,
En Banc.

June 4, 1984.

Rehearing Denied June 25, 1984.

L. Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Valerie McNevin-Petersen, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Michael J. Heher, Deputy State Public Defender, Denver, for defendant-appellant.

PER CURIAM.

The defendant, Samuel J. Mack, appeals from the denial of his Crim.P. 35(c)(2) motion. We affirm in part, reverse in part, and remand with directions.

The defendant was arrested on October 31, 1976. He was later charged in an information with one count of first-degree sexual assault, § 18–3–402, 8 C.R.S. (1978), and two counts of menacing, § 18–3–206, 8 C.R.S. (1978). He was convicted by a jury on March 28, 1979, on all counts. The defendant was sentenced to the Colorado State Penitentiary by the Pueblo District Court on May 4, 1979, for concurrent terms of twenty to twenty-eight years on the sexual assault count and for two terms of three to five years on the menacing counts. The defendant has remained incarcerated from the time of his arrest. The Sheriff of Pueblo County physically delivered the defendant to the penitentiary on May 7, 1979.

The defendant contends he is entitled to credit against his sentence for the three days he spent in the Pueblo County jail before he was transferred to the penitentiary. Section 17–20–118, 8 C.R.S. (1983 Supp.), directs that a prisoner be given credit for the time that he spends at the state penitentiary. Section 16–11–308, 8 C.R.S. (1983 Supp.), provides that at the time a defendant is sentenced to the state penitentiary he is deemed to be in the custody of the Executive Director of the Department of Corrections.[1] Under the statutory scheme the defendant's sentence commenced on the date of sentencing, May 4, 1979, even though he was not received at the penitentiary until May 7, 1979. *People v. Lucero,* 654 P.2d 835 (Colo.1982). Thus, the defendant is entitled to credit against the sentence for the three days that he spent in the Pueblo County jail before he was transferred to the Colorado State Penitentiary.[2]

Accordingly, we affirm in part, reverse in part, and remand with directions to credit the defendant with three days incarceration in the penitentiary in accordance with this opinion.

---

1. Sections 16–11–308 and 17–20–118 have both been amended since the sentencing of the defendant. Neither amendment, however, affects the result here.

2. The defendant also contends he is entitled to credit against his sentence for the period of his presentence confinement. He argues § 16–11–306, 8 C.R.S. (1983 Supp.), which grants a trial court the discretion to deny credit for presentence confinement, violates the equal protection clause by lengthening the prison term of those defendants who are subjected to presentence confinement. We reject the defendant's argument. *People v. Dennis,* 649 P.2d 321 (Colo. 1982); *Godbold v. District Court,* 623 P.2d 862 (Colo.1981). Section 16–11–306 has been amended since the sentencing of the defendant. The amendment does not affect the result here.