---

David F. Vela, Public Defender, Thomas M. Van Cleave, III, Deputy Public Defender, Denver, for petitioner-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Marleen Langfield, Benjamin I. Sachs, Asst. Attys. Gen., Denver, for respondent-appellee.

VOLLACK, Justice.

Petitioner Sidney D. Barber appeals from a denial of the relief sought by his petition for writ of habeas corpus and/or rule to show cause. The Fremont County District Court refused to give petitioner credit on his Colorado life sentence for time he served in a federal penitentiary. We affirm.

On June 28, 1971, petitioner was convicted in the El Paso County District Court of first degree murder and was sentenced to life imprisonment. Petitioner escaped from the state penitentiary on July 12, 1974. On April 20, 1975, he was arrested in California and charged with bank robbery. Petitioner was convicted of that charge on June 15, 1975, and was sentenced to a term of ten years in the federal penitentiary, to be served consecutive to the life term he received in Colorado.

**Sidney D. BARBER,
Petitioner-Appellant,**

v.

**Thomas COOPER, Respondent-Appellee.**

**No. 85SA211.**

Supreme Court of Colorado,
En Banc.

June 16, 1986.

In August of 1975, petitioner was transferred to the United States Marshal in Los Angeles for transfer to the Colorado penitentiary. The Colorado Department of Corrections declined to take custody, and he was transferred to the federal penitentiary at Leavenworth, Kansas. After serving his federal sentence at Leavenworth from November 26, 1975, to September 4, 1981, petitioner was released to the custody of the Leavenworth County sheriff where he was released on bond.

Petitioner turned himself in to prison officials in Colorado on February 23, 1983, and continued to serve his life sentence. In computing his parole eligibility date, the Colorado Department of Corrections refused to give credit for the time petitioner served in federal custody. He petitioned the Fremont County District Court for a writ of habeas corpus and/or a rule to show cause, and the court denied the relief sought. Petitioner then perfected his appeal to this court.

Petitioner argues that Colorado's refusal to accept him from federal authorities deprived him of the ability to recommence serving his Colorado sentence, and he is entitled to credit on his Colorado sentence for the time he served in federal custody. We disagree.

In support of his contention that he is entitled to credit on the Colorado sentence for the time he spent in federal custody, petitioner relies on *Alire v. People*, 171 Colo. 228, 466 P.2d 78 (1970). In *Alire*, the defendant was sentenced to the state penitentiary but was released on bond pending appeal. Federal authorities then arrested him and he served his sentence on a federal conviction. He was then returned to Colorado to complete his state sentence, and was given full credit against his sentence for the time he spent in the federal penitentiary. The case does not reveal why Alire was given such credit, and did not relate to that issue. Instead, *Alire* dealt with the contention that Colorado in effect commuted his Colorado sentence by releasing defendant to federal authorities and waived the right of the state to further imprison him. We held that under the circumstances in that case, the state did not waive its right to further imprison Alire.

We conclude *Alire* does not apply to the facts of the matter now before us. When a defendant has been convicted of both state and federal crimes, he does not have a constitutional right to serve one sentence before the other. *Alire*, 171 Colo. at 231, 466 P.2d at 79. However, the courts are ready to step in where it is necessary to prevent prejudice and unfairness to the prisoner. The facts of this case demonstrate no unfairness to the petitioner.

If a prisoner has violated both state and federal law, he is subject to prosecution by both sovereigns and may not complain of the order in which each sovereign proceeds against him. *Alexander v. Wilson*, 189 Colo. 321, 540 P.2d 331 (1975). In Colorado, there is no requirement that a sentence run concurrently with a sentence imposed by a foreign jurisdiction. *Lander v. Evans*, 193 Colo. 179, 564 P.2d 115 (1977); *People v. Lewis*, 193 Colo. 203, 564 P.2d 111 (1977). In petitioner's situation, we note the federal sentence was ordered to be served consecutive to his Colorado sentence. Moreover, the federal conviction took place while petitioner was on escape status from the Colorado penitentiary. Because the petitioner has no right to serve one sentence before another, and no prejudice or unfairness results from the state's refusal to accept petitioner upon his return from California, we hold the district court acted properly in dismissing petitioner's petition for writ of habeas corpus and/or rule to show cause.

The judgment of the district court is affirmed.