ROTHENBERG, J.
Defendant, Waldo Mackey, appeals the trial court's order denying his motion seeking postconviction relief. We affirm.
In 1984, defendant was serving a prison sentence in California when he was extradited to Colorado to stand trial in this 1980 murder case.
In 1985, he was convicted of first degree murder and sentenced to life imprisonment plus a period of parole. The sentencing court ordered that the sentence "run consecutive to any sentence defendant is presently serving" with "no credit for presentence confinement time." As a result, defendant was returned to California to complete the sentence there, and in 19983, he was returned to Colorado to begin serving his sentence in this case.
In 2002, defendant filed a postconviction motion claiming that his sentence commenced to run when it was imposed in 1985. The trial court denied relief.
Defendant acknowledges the trial court's order that his Colorado sentence be served consecutively to the out-of-state sentence he was serving at the time of sentencing here. However, relying on §§ 16-11-308(1) and 17-22.5-102, C.R.98.2003, he contends a Colorado sentence that is imposed to run consecutively to an out-of-state sentence must begin to run on the date of sentencing. We disagree.
"A defendant who has been convicted of [erimes in more than one jurisdiction] does not have a constitutional right to serve one sentence before the other. These matters are decided as matters of comity between the state and federal jurisdictions." Alexander v. Wilson, 189 Colo. 821, 824, 540 P.2d 331, 333 (1975)(quoting Alire v. People, 171 Colo. 228, 466 P.2d 78 (1970)).
In Barber v. Cooper, 719 P.2d 1094, 1095 (Colo.1986), the Colorado Supreme Court stated: "[There is no requirement that a sentence run concurrently with a sentence imposed by a foreign jurisdiction." Barber v. Cooper, supra, 719 P.2d at 1095; see Lander v. Evans, 198 Colo. 179, 180, 564 P.2d 115, 116 (1977). Because the two statutory provisions on which defendant relies were in effect prior to Barber v. Cooper, they did not legislatively overrule or affect the vitality of that decision. See Colo. Sess. Laws 1974, ch. 48, § 89-11-308(1) at 240; Colo. Sess. Laws 1984, ch. 126, § 17-22.5-102 at 517.
Section 16-11-808(1) provides: "When any person is sentenced to any correctional facility, that person shall be deemed to be in the custody of the executive director of the department of corrections or his designee."
Section 17-22.5-102 provides: "When any person is sentenced to any correctional facility, that person shall be deemed to be in the custody of the executive director or his desig-nee and shall begin serving his sentence on the date of sentencing."
These statutes simply clarify a defendant's custodial status for that period after sentencing when the defendant remains in the county jail awaiting transfer to a Department of Corrections facility. See People v. Mack, 681 P.2d 949, 950 (Colo.1984). Neither statute addresses the situation here where a Colorado court has ordered that its sentence be served after completion of a sentence in another jurisdiction.
Contrary to defendant's contention, People ex rel. Gallagher v. District Court, 632 P.2d 1009, 1012 (Colo.1981), does not support his interpretation of § 16-11-308(1). In Gallagher, the supreme court held that a sentencing court cannot delay sentencing on one conviction pending a defendant's completion of a sentence for a second conviction in the same case. The decision is inapposite to this case where there was no delay in sentencing, and different cases are involved.
Accordingly, we conclude the trial court did not err in denying defendant's motion without a hearing. See People v. Hartkem-eyer, 843 P.2d 92, 98 (Colo.App.1992).
Order affirmed.
Judge NIETO and Judge LOEB concur.