**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Robert RUTLEDGE, Defendant-Appellant.**

**No. 79SA525.**

Supreme Court of Colorado, En Banc.

July 6, 1981.

Rehearing Denied July 20, 1981.

---

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Susan P. Mele-Sernovitz, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Ilene P. Buchalter, Deputy State Public Defender, Denver, for defendant-appellant.

HODGES, Chief Justice.

Defendant Robert Charles Rutledge appeals that portion of the trial court's judgment requiring that his sentence of eight to twelve years for aggravated robbery run consecutive to the sentence of 30 years which he is presently serving in connection with a Texas conviction.[1]  We affirm.

In November 1972, defendant entered a plea of guilty to a charge of aggravated robbery and was sentenced to a term of eight to twelve years imprisonment. The sentence was suspended, however, and defendant was placed on five years probation. In November 1976, defendant violated the conditions of his probation, and a warrant for defendant's arrest issued.

On November 3, 1978, the trial court received a letter from defendant stating that he was incarcerated in Texas and requesting disposition of the detainer placed on him by Colorado. Defendant was returned to Colorado and on January 2, 1979, appeared before the trial judge who reinstated the original eight to twelve year sentence and ordered that it be served consecutively to the thirty year sentence defendant is serving in Texas.

Defendant argues that imposing the Colorado sentence to run consecutively to the Texas sentence constituted an abuse of discretion. Specifically, defendant asserts that the trial court failed to give sufficient consideration to the nature of the crime, the defendant's character, and the possibility of rehabilitation.

■ We begin by noting that in Colorado there is no requirement that a sentence run concurrently with a sentence imposed by a foreign jurisdiction. *Lander v. Evans*, 193 Colo. 179, 564 P.2d 115 (1977); *see People v. Lewis*, 193 Colo. 203, 564 P.2d 111 (1977); *Alexander v. Wilson*, 189 Colo. 321, 540 P.2d 331 (1975).  Consequently, it is within the discretionary authority of the trial court to impose a sentence to be served consecutively to another sentence, and we will uphold

---

1. Defendant also challenges the constitutionality of section 25 of House Bill 1589, as amended in March 1979, Colo.Sess.Laws 1979, ch. 157, Sec. 25 at 672, and asserts that he is entitled to be resentenced under the 1977 version of House Bill 1589, Colo.Sess.Laws 1977, ch. 216, 18–1–105 at 867. These issues were resolved adversely to defendant's position in *People v. McKenna*, Colo., 611 P.2d 574 (1980), and we continue to adhere to the reasoning expressed therein. *See, e. g. People v. Francis*, Colo., 628 P.2d 608, n. 1 (1981).

**608**

such a sentence absent a clear abuse of discretion. *See People v. McKenna*, Colo., 611 P.2d 574 (1980); *Triggs v. People*, 197 Colo. 229, 591 P.2d 1024 (1979); *People v. Bruebaker*, 189 Colo. 219, 539 P.2d 1277 (1975); *People v. Duran*, 188 Colo. 207, 533 P.2d 1116 (1975).

■ From our review of this record, we cannot say that the trial court abused its discretion in imposing a consecutive sentence. The record indicates that defendant entered a bar, held a .25 caliber pistol to the head of one of the bar's employees, and demanded money. In the course of defendant's get away, shots were fired, endangering the lives of innocent persons.

The record also indicates that defendant's plea of guilty was entered in connection with a plea negotiation. As a part of the plea agreement, a second aggravated robbery charge pending against defendant in Denver was dismissed. The record indicates that defendant also confessed to a number of uncharged armed robberies. It is of significance to note that defendant's conviction in Texas was for armed robbery. These facts, together with defendant's record of three prior convictions [2] and the fact that defendant committed the armed robbery in Texas after he had violated the probation imposed in Colorado, indicate a pattern of utter disregard for the law.

The defendant's assertion that the trial court failed to consider the possibility of his rehabilitation is not supported by the record. Substantial information regarding defendant's participation in a drug rehabilitation and behavioral modification program was presented and reviewed by the trial judge. In this regard, the record reflects that defendant stole $600 worth of tools when he left one rehabilitation facility, that he failed to comply with the terms of his probation, and thereafter, was convicted in Texas of armed robbery. During the sentencing hearing conducted on January 2, 1979, defendant failed to present any evidence of any potential for his rehabilitation.

The judgment of the trial court is affirmed.

2. The probation report prepared in January 1973 for use in defendant's initial sentencing indicates defendant had been convicted in New Mexico in January 1971 for possession of marijuana, convicted in December 1971 in Indiana for common nuisance, and convicted in August 1971 in Indiana for possession of dangerous drugs.