700 P.2d 93

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Michael McKAUGHEN,
Defendant-Appellant.**

No. 14682.

Court of Appeals of Idaho.

April 23, 1985.

Larry Dunn, Alan E. Trimming, and Russell A. Comstock (argued), Ada County Public Defender's Office, Boise, for defendant-appellant.

Jim Jones, Atty. Gen. by Lynn E. Thomas, Sol. Gen., and Myrna A.I. Stahman, Deputy Atty. Gen. (argued), for plaintiff-respondent.

## PER CURIAM.

The question presented is whether a sentence for the crime of escape may be made consecutive not only to the sentence(s) being served when the escape occurred but also to another sentence imposed for a separate crime committed by the escapee while he was at large. Based upon the language of Idaho's escape statute, we hold that the escape sentence must begin upon discharge from the sentence(s) being served when the escape occurred.

The question is framed by the following facts. Michael McKaughen escaped from custody in Idaho while serving a thirteen-year prison sentence for robbery.[1] Making his way to Oregon, he participated in another robbery. He was apprehended, convicted and sentenced to twenty years in the Oregon State Penitentiary. He later pled guilty in Idaho to a charge of escape. The Idaho district court sentenced McKaughen to an indeterminate term of three years for escape, ordering that the sentence run consecutively to both the Idaho and Oregon robbery sentences. McKaughen appealed. We vacate the escape sentence and remand the case.

McKaughen does not dispute the Idaho judge's duty to make the escape sentence consecutive to the Idaho robbery sentence. That duty is mandated by the escape statute, I.C. § 18–2505, which we will examine more fully later in this opinion. Rather, McKaughen's narrow challenge to the escape sentence is directed at making it consecutive to the Oregon robbery sentence also.

We begin our analysis by noting that an Idaho court has inherent authority to impose consecutive sentences. *State v. Lawrence*, 98 Idaho 399, 565 P.2d 989 (1977). This authority is recognized by I.C. § 18–308, which provides for discretionary imposition of consecutive sentences. We see no logical reason why such inherent authority should be limited to crimes committed in the same state. The question, in deciding whether the sentence for one crime should be consecutive to the sentence for another, is not where the offenses occurred or where the convictions were entered, but whether the nature of the crimes makes cumulative punishment appropriate. *See* 21 AM.JUR.2d *Criminal Law* § 553 (1981); Annot., 57 A.L.R.2d 1412 (1958). Accordingly, the inherent power to impose consecutive sentences includes the authority to impose a sentence consecutive to another sentence imposed by the court of a foreign jurisdiction. *People v. Rutledge*, 630 P.2d 606 (Colo.1981).

But that is not the end of our inquiry. The next question is whether such general authority is limited in this case by I.C. § 18–2505. Unlike I.C. § 18–308, I.C. § 18–2505 is not discretionary; it is mandatory. It not only authorizes con-

---

1. The robbery sentence included a three-year enhancement for displaying a firearm during the offense. I.C. § 19–2520.

secutive sentencing but specifies how the sentences shall be structured in escape cases. It provides as follows:

> Every prisoner charged with or convicted of a felony who is confined in any jail or prison including the state penitentiary, or who while outside the walls of such jail or prison in the proper custody of any officer ... escapes ... shall be guilty of a felony, and upon conviction thereof, any such second term of imprisonment *shall commence at the time he would otherwise have been discharged.* [Emphasis added.]

Although the statute refers to a "second term of imprisonment," this phrase, when viewed against the legislative history, simply means that the escape sentence and the sentence(s) being served when the escape occurred must be consecutive. *State v. Mendenhall,* 106 Idaho 388, 679 P.2d 665 (Ct.App.1984). Thus, it does not concern us here. Rather, our focus is upon emphasized language providing that the escape sentence "shall commence at the time [the escapee] otherwise would have been discharged." This language leaves no room for discretion in deciding when the consecutive sentence for escape will begin. It must begin when the escapee "otherwise would have been discharged."

In our view, the statute has a plain meaning. It does not allow for a time interval between discharge of the sentence(s) being served when the escape occurred and commencement of the escape sentence. Accordingly, in the present case, there could be no interval between the Idaho robbery sentence and the escape sentence. To the extent that such an interval

would be created by making the escape sentence consecutive to both the Idaho robbery sentence and the longer Oregon robbery sentence, the escape sentence would contravene I.C. § 18–2505.[2]

It might be suggested that the statute has no clear meaning because an ambiguity lurks in the word "discharged." The word arguably could refer to discharge only of the sentence(s) the prisoner was serving when he escaped or it could refer more broadly to discharge of all sentences, wherever imposed, that were outstanding when the escape sentence was pronounced. Such an ambiguity, if it exists, has not been addressed by a reported decision construing the statute.[3] In any event, an ambiguity would not change the result here. Criminal statutes are strictly construed in their substantive elements and in their sanctions. *State v. Thompson,* 101 Idaho 430, 614 P.2d 970 (1980). "Ambiguity concerning the ambit of criminal statutes should be resolved in favor of lenity." *Rewis v. United States,* 401 U.S. 808, 812, 91 S.Ct. 1056, 1059, 28 L.Ed.2d 493 (1971); *State v. Thompson,* 101 Idaho at 437, 614 P.2d at 977. Consequently, even if an ambiguity existed, we would be constrained to give the term "discharged" a narrow meaning, referring only to the sentence(s) being served when the escape occurred.

We conclude that the district court properly made the escape sentence consecutive to the Idaho robbery sentence but erred by making it also consecutive to the Oregon robbery sentence. Therefore, the escape sentence is vacated and the case is remanded for entry of a corrected sentence in accordance with this opinion.

**2.** For the purpose of this opinion we assume, without deciding, that the Idaho robbery sentence *could* be the first of the two robbery sentences discharged. The actual relationships between the two sentences, and the discharge practices of Idaho and Oregon correctional authorities, are not elaborated in the record. Consequently, we do not address them here.

**3.** In *State v. Thomas,* 98 Idaho 623, 570 P.2d 860 (1977), the appellant attempted to escape while awaiting trial on a charge of assault. During the escape, he committed a second assault, among other offenses. In accordance with a

plea-bargain agreement, the defendant pled guilty to the two charges of assault and to the charge of escape. He was sentenced to three four-year indeterminate terms, all running consecutively. Our Supreme Court affirmed the sentences without noting where the escape sentence fell in the sequence of sentences imposed. Our examination of the underlying record fails to disclose a clear sequence. Moreover, no question concerning the proper sequence was raised. Consequently, *Thomas* is not instructive.