979 P.2d 1154

Charles DOAN, Petitioner–Respondent,

v.

The STATE of Idaho, James Spaulding, Correctional Agents I thru X as John Does herein, Respondents–Appellants.

No. 24485.

Supreme Court of Idaho, Boise, February 1999 Term.

May 24, 1999.

Hon. Alan G. Lance, Attorney General; Timothy R. NcNeese, Deputy Attorney General, Boise, for appellants.

Charles Doan, Boise, pro se respondent.

SILAK, Justice.

This is an appeal from a decision and order granting partial habeas corpus relief in the form of modifying a sentencing schedule calculated by the Idaho Department of Corrections (IDOC).

## I.

## FACTS AND PROCEDURAL BACKGROUND

### A. Facts

Respondent Charles Doan (Doan) was convicted of burglary and manufacturing a controlled substance on November 20, 1990, and was sentenced to three years in prison in Lemhi County Case No. 289. (Lemhi I). That same day, Doan was also sentenced to three years indeterminate for a felony escape charge, Lemhi County Case No. 298. (Lemhi II). While on parole in 1995, Doan was charged with one count of grand theft by possession of stolen property and one count of felony eluding in Elmore County Case No. 96–00008. (Elmore I). While facing these charges, Doan escaped from the Elmore County Jail on March 3, 1996. Doan was

apprehended that same day and charged once again with felony escape in Elmore County Case No. 96–00020. (Elmore II).

On March 5, 1996, Doan entered a Rule 11 plea agreement with prosecutors in which he would serve a one-year fixed, four-year indeterminate sentence for each of the Elmore I charges. These two sentences were to "run concurrent." The judgment and commitment executing the plea agreement was entered on April 4, 1996. On September 18, 1996, Doan was given an eighteen-month fixed sentence for the Elmore II escape conviction. The judgment and commitment stated that this sentence was "to run consecutive to his present confinement."

Doan's sentence schedule was subsequently recalculated by IDOC. According to IDOC's official time computation report, dated March 26, 1997, the fixed portion of the Elmore I sentence would interrupt the remainder of the Lemhi II escape sentence and run from April 4, 1996 to April 4, 1997. The Lemhi II sentence would then resume, expiring on September 25, 1997. Upon the completion of Lemhi II, Doan would then serve the indeterminate portion of the Elmore I sentence, which would run until September 25, 2001. The Elmore II escape sentence would then commence, expiring March 25, 2003.

On March 14, 1997, Doan filed a pro se motion for correction of the Elmore II sentence, which he claimed was illegal. On March 21, 1997, District Judge Joel D. Horton, who presided over the Elmore II proceedings, issued a memorandum opinion and order clarifying the judgment of conviction. Judge Horton, while noting that the motion was "unclear" as to the relief Doan sought, amended the judgment of conviction to reflect that the sentence in Elmore I would run consecutive to "any other sentence for which defendant was incarcerated as of April 4, 1996." The order also stated: "Pursuant to statute, the [Elmore II] escape charge . . . in which a sentence of eighteen months fixed was imposed, shall run consecutive to any other sentence for which he was imprisoned."

According to this order, Doan would finish serving his Lemhi II sentence, followed by his Elmore I and II sentences, each to be served consecutively. Judge Horton also stated that if Doan continued to be dissatisfied, the appropriate remedy would be an application for a writ of habeas corpus, rather than a motion for correction of sentence under Idaho Criminal Rule 35.

## B. Procedural Background

Doan commenced the present litigation by filing a petition for writ of habeas corpus on April 24, 1997. In the petition, Doan argued that he should serve the Elmore II escape sentence consecutive to the Lemhi II escape sentence. Doan alleged that IDOC was "attempting to manipulate his sentence structure" to require that Doan serve the sentence from Elmore I before serving the eighteen-month Elmore II sentence. Doan argued that this sentence was improper because he "was sentenced to serve those sentences consecutive to the turm [sic] I have completed, not consecutive to eachother [sic]." Doan further argued that the Elmore I and II sentences were given neither consecutive nor concurrent to each other, but were nonetheless intended to "commence on the same date and time."

The state objected to Doan's petition, arguing that IDOC's sentence calculations were correct because section 18–2505 of the Idaho Code required that the escape sentence commence at the time Doan "would have otherwise been discharged." The state further argued, in response to the magistrate court's request for clarification, that the term "discharged" contemplated "the full completion of all legal obligations by a prisoner, including incarceration and parole." The state supported this interpretation of I.C. § 18–2505 by calling upon "general principles of statutory construction," including the doctrine of *in pari materia*. By considering how the term "discharge" was defined in other criminal statutes, the state concluded that "the sentencing of a defendant in a criminal case to a fixed sentence for the crime of escape has the effect of 'fixing' the indeterminate portion of any other sentence he would serve before serving the escape sentence."

On, September 23, 1997, the magistrate court issued an order granting partial habeas corpus relief. The court ordered IDOC to "revise" their calculations to reflect that the fixed eighteen-month Elmore II sentence would expire on September 25, 1997. The magistrate reached this result by following Attorney General Opinion No. 92–1, which states that when a person is sentenced to consecutive sentences for multiple offenses, with a fixed and indeterminate term in each sentence, the two fixed terms are served first. The indeterminate terms are then added together, during which the prisoner is eligible for parole consideration. Since the fixed portion of Elmore I would have expired just two days after the magistrate division issued its decision, the magistrate did not address the issue of whether the Elmore I sentence interrupted the remainder of the Lemhi II sentence. The magistrate held that the eighteen-month sentence for Elmore II would commence on September 25, 1997, and expire on March 25, 1999. At that point, the four-year indeterminate sentence would commence and expire on March 3, 2003. Doan would be eligible for parole throughout the indeterminate term of the Elmore I sentence.

On October 3, 1997, the state filed a motion to alter or amend judgment under Idaho Rule of Civil Procedure 59(e). Judge Hay denied the motion on October 20, 1997. One week later, the state filed a notice of appeal to the district court, under I.R.C.P. 83(f). The issue on appeal was whether the magistrate court erred "when it granted habeas corpus relief to [Doan] based on the magistrate's finding that [Doan's] sentence for escape, pursuant to I.C. § 18–2505 ... need not be served consecutive to the entirety, including fixed and indeterminate portions, of [Doan's] concurrent sentences" imposed in Elmore II.

On February 3, 1998, District Judge Robert G. Newhouse, who presided over the appeal, issued a Memorandum Decision and Order. Judge Newhouse held the following: "It is this court's determination that the magistrate erred as a matter of law in not holding that Lemhi II runs concurrently with Elmore I. The Parole Commission has the authority to release the Petitioner from further service on his Elmore I sentence after serving the one year fixed. After Elmore I has been satisfied, the Petitioner will begin serving his fixed term pursuant to Elmore II." Judge Newhouse remanded to the magistrate court for recalculation of Doan's sentences. On February 12, 1998, the state filed a Notice of Appeal from the district court's decision and order.

## II.

### ISSUES ON APPEAL

The issues on appeal are as follows:

1. Whether the district court erred in finding that the grand theft sentence from Elmore County was to be served concurrently with the escape sentence from Lemhi County.

2. Whether a fixed escape sentence imposed under I.C. § 18–2505 automatically "fixes" the indeterminate portion of the sentence imposed for the felony during which the escape occurred.

## III.

### STANDARD OF REVIEW

When reviewing the decision of a district court acting in its appellate capacity over a magistrate court, the Supreme Court reviews the magistrate's decision independently of, but with due regard for, the district court's intermediate appellate decision. See *Henderson v. Smith*, 128 Idaho 444, 447, 915 P.2d 6, 9 (1996); *Balderson v. Balderson*, 127 Idaho 48, 51, 896 P.2d 956, 959 (1995). The findings of the magistrate will be upheld by this Court, if they are supported by substantial, competent evidence in the record. See *Balderson*, 127 Idaho at 51, 896 P.2d at 959. Issues of law encountered on such review are freely considered by the Supreme Court. See *id.*

## IV.

### ANALYSIS

**A. The District Court Erred In Holding That The Grand Theft Sentence From Elmore County Was To Be Served Concurrently With The Escape Sentence From Lemhi County.**

On appeal from the magistrate court, the district court held that the sentences

from Lemhi II and Elmore I run concurrent to each other because "within Elmore I there is no provision by the Court to have the sentence served after the Lemhi II escape sentence." The district court erred in considering this issue. The only issue on appeal to the district court was whether the magistrate erred by not ruling that the entire Elmore I sentence, "including determinate and indeterminate portions" be served before the Elmore II escape sentence could begin. The issue of whether the Elmore I and Lemhi II sentences should be served concurrently was not raised on appeal. This Court holds that the district court erred when it held the Elmore I sentence should be served concurrently with the Lemhi II sentence.[1]

The district court remanded the case to the magistrate division with instructions to recalculate Doan's sentence. The magistrate court issued an order recalculating the sentence on February 18, 1998, after the state had filed its notice of appeal on February, 12, 1998. Since the order was entered after the notice of this appeal was filed, the order recalculating the sentence is vacated.

**B. The Magistrate Court Correctly Determined That The Escape Sentence Did Not "Fix" The Indeterminate Portion Of The Grand Theft And Felony Eluding Sentence.**

The magistrate court held that Doan would first serve the fixed portions of his consecutive sentences, followed by the indeterminate portion imposed for his conviction in Elmore I. The magistrate relied on Attorney General Opinion 92–1, which states that under the Unified Sentencing Act, section 19–2513 of the Idaho Code, a person who is sentenced to consecutive sentences for multiple offenses, with a fixed and indeterminate term in each sentence, should serve the two fixed terms first. The indeterminate sentences would

then follow, during which the prisoner may become eligible for parole at any time.

The state contends this ruling was erroneous. The state argues that this issue revolves around the "interplay" between the escape statute, I.C. § 18–2505, and the Unified Sentencing Act, I.C. § 19–2513. The Unified Sentencing Act, in pertinent part, states:

> [I]f consecutive sentences are imposed for multiple offenses, the court shall, if required by statute, direct that ... each consecutive sentence contain a minimum period of confinement; in such event, all minimum terms of confinement shall be served before any indeterminate periods commence to run.

I.C. § 19–2513. In other words, where consecutive sentences are imposed, the fixed portions are to be served together, followed by any indeterminate terms of imprisonment. Meanwhile, I.C. § 18–2505 states:

> Every prisoner charged with, convicted of, or on probation for a felony who is confined in any jail or prison ... who escapes or attempts to escape ... shall be guilty of a felony, and upon conviction thereof, *any such second term of imprisonment shall commence at the time he would otherwise have been discharged.*

(emphasis added).

The state argues that there is a conflict between the two statutes, and that in such cases the more specific statute should govern. *See City of Sandpoint v. Sandpoint Indep. Highway Dist.,* 126 Idaho 145, 149, 879 P.2d 1078, 1082 (1994). The state further argues that the Unified Sentencing Act is a general statute governing all offenses, while I.C. § 18–2505 is a more specific statute governing sentences for felony escape.

---

1. Even if this issue had been properly raised on appeal, the district court's finding would still be erroneous. While the district judge who presided over Elmore I did not specify when the sentence was to commence, the Rule 11 plea agreement upon which the judgment was based clearly states that the sentence was to "run consecutive to any sentence" that defendant was then serving with IDOC. At the time Doan entered the agreement, he was serving his Lemhi II sentence.

This issue was considered by Judge Horton, who presided over the Elmore II case. Judge Horton, in an order dated March 21, 1997, noted that the Elmore I judgment failed "to reflect the court's intention that the sentence ... should run consecutive to any sentence for which Doan was in confinement as agreed by the parties in the Rule 11 plea agreement."

Therefore, the state argues that the language from I.C. § 18–2505 should govern.

■ In order for the language of I.C. § 18–2505 to be satisfied, the state contends, "the imposition of a fixed sentence for Escape has the effect of 'fixing' the indeterminate portion of any other sentence the prisoner is required to serve before the escape sentence." The state argues the indeterminate sentence becomes fixed because I.C. § 18–2505 states that the "second term of imprisonment shall commence at the time [the prisoner] would otherwise have been discharged."

The state further contends that the proper interpretation of the escape statute "hinges upon the meaning of 'discharge.'" The state correctly observes that I.C. § 18–2505 does not define "discharge," and there are no cases defining the term in this context.[2] The state argues under the principle of *in pari materia* that the use of the term "discharge" in other criminal statutes contemplates "the full completion of a prisoner's sentence, including imprisonment as well as successful completion of probation or parole." The state provides four examples of criminal statutes discussing "discharge" in a number of contexts.[3] The state claims it seeks "to do no more than follow the legislature's intent and purpose in applying I.C. § 18–2505 to Doan's sentence calculation."

The state argues that by using the term "discharge," the legislature clearly intended I.C. § 18–2505 to imply the following: "If the sentence imposed by a court under this section is a fixed sentence, then any underlying indeterminate sentence shall automatically become a fixed sentence. If, however, the court imposes an indeterminate sentence for a conviction under this section, the underlying indeterminate sentence will remain indeterminate."

■ In fact, the language in I.C. § 18–2505 has been construed more narrowly. In *State v. Mendenhall*, the Court of Appeals held, in view of substantial legislative history, that I.C. § 18–2505 requires "any confinement under an escape sentence, and any confinement upon the felony for which the defendant was in custody when he escaped, to be consecutive." 106 Idaho 388, 393, 679 P.2d 665, 670 (Ct.App.1984). The Court of Appeals also noted that the mandate of I.C. § 18–2505 would be satisfied indirectly "by making the sentence for the felony consecutive to the escape sentence." *Id.* In other words, the statute requires the sentence for escape to be consecutive, or non-concurrent, to the sentence for the felony during which the escape occurred.

■ Out of fairness to the accused, "[c]riminal statutes are strictly construed in their substantive elements and in their sanctions." *State v. McKaughen*, 108 Idaho 471, 473, 700 P.2d 93, 95 (Ct.App.1985) (citing *State v. Thompson*, 101 Idaho 430, 614 P.2d 970 (1980)). Additionally, "[a]mbiguity concerning the ambit of criminal statutes should be resolved in favor of lenity." *McKaughen*, 108 Idaho at 473, 700 P.2d at 95 (citing *Rewis v. United States*, 401 U.S. 808, 812, 91 S.Ct. 1056, 1059, 28 L.Ed.2d 493, 497 (1971); *Thompson*, 101 Idaho at 437, 614 P.2d at 977). The state's interpretation of I.C. § 18–2505 would give a second judge the power to retroactively increase the penalty for an offense which the original trial court, in its discretion, deemed appropriate. Sentencing is a matter generally committed to the discretion of the trial judge. *See State v. Pratt*, 125 Idaho 594, 600, 873 P.2d 848, 854 (1994); *State v. Jones*, 125 Idaho 477, 489, 873 P.2d

**2.** One case, *State v. McKaughen*, 108 Idaho 471, 473, 700 P.2d 93, 95 (Ct.App.1985), declined to resolve the ambiguity "lurking" in the statute's use of the term "discharged." The Court of Appeals stated that under the plain meaning of the language in I.C. § 18–2505, the escape sentence must begin when "the escapee otherwise would have been discharged." *Id.*

**3.** *See* I.C. § 18–310(2) (stating that a prisoner's civil rights are restored upon "final discharge," defined "[a]s used in this subsection ... [as]

satisfactory completion of imprisonment, probation and parole as the case may be"); I.C. § 19–2513 (providing that the "offender may be considered for parole or discharge at any time during the indeterminate period" of a sentence); I.C. § 20–233 (governing "final discharge" of parolees when they have "performed the obligations of [their] parole"); I.C. § 20–239 (stating that a prisoner shall be discharged upon service of the maximum term fixed by the court).

122, 134 (1994); *State v. Brown*, 121 Idaho 385, 394, 825 P.2d 482, 491 (1992).

■ Trial judges may retroactively impose a harsher penalty on resentencing, but only if "justified by reference to conduct of the defendant occurring subsequent to the original sentencing." *Rewak v. United States*, 512 F.2d 1184, 1186 (9th Cir.1975); *see also State v. McGonigal*, 122 Idaho 939, 941, 842 P.2d 275, 277 (1992). In this case, however, the escape occurred *before* the sentence was entered. The trial judge in Elmore I imposed the indeterminate sentence even though he was aware of Doan's escape from the Elmore County jail. The sentence imposed by another judge for an escape conviction should not automatically abrogate the first judge's sentencing discretion. Section 18–2505 makes no specific provision requiring that result. The state's proposed interpretation of the statute seems to retroactively punish the defendant twice for the same crime.

The Elmore I court determined that after Doan served a one year fixed sentence, the parole board would have the authority to determine when Doan had satisfied his obligation to society on the grand theft conviction. The state argues that the indeterminate sentence creates only "the possibility of parole, not a guarantee that [Doan] would actually ever be paroled." The state also argues that while the parole commission would normally have the discretion to determine whether Doan were to be paroled, the commission's discretion "has been effectively removed" by the imposition of the fixed escape sentence. The state cites no statutory or case law supporting the abrogation of the parole commission's jurisdiction over the indeterminate portion of Doan's sentence. This Court holds that the magistrate did not err in resolving this issue.

**C. This Court's Interpretation Of The Unified Sentencing Act Does Not Violate The Separation Of Powers.**

■ Article II, Section 1 of the Idaho Constitution provides for the separation of powers:

The powers of the government of this state are divided into three distinct departments, the legislative, the executive and judicial; and no person or collection of persons charged with the exercise of powers properly belonging to one of these departments shall exercise any powers properly belonging to either of the others, *except as in this constitution expressly directed or permitted.*

(emphasis added). While our holding today allows IDOC, a department of the executive branch, to insert a sentence between the fixed and indeterminate portions of another sentence imposed by the judiciary, it does not violate Article II, § 1.

Our interpretation of I.C. § 19–2513 has an effect similar to section 20–228 of the Idaho Code, which states that where the conditions of parole are violated, time spent on parole "shall not be deemed a part [of the sentence]." For example, pursuant to I.C. § 20–228, an indeterminate three-year sentence might expire four years after being imposed if the prisoner is out on parole for one year and the parole is subsequently revoked. Section 20–228 has been held not to violate the separation of powers, even though it may increase the amount of time required to serve a sentence. *See Flores v. State*, 109 Idaho 182, 184, 706 P.2d 71, 73 (Ct.App.1985). Section 20–228 is constitutional because the Idaho Constitution expressly gives the Board of Corrections authority over "the control, direction, and management of the penitentiaries of the state ... and of adult probation and parole, *with such compensation powers, and duties as may be prescribed by law." Id.* (quoting Article X, Section 5 of the Idaho Constitution) (emphasis in original). The expiration of Doan's Elmore I sentence will be similarly delayed because of the insertion of Doan's Elmore II escape sentence, pursuant to I.C. § 19–2513. Because our holding today has an effect analogous to that of I.C. § 20–228, it does not implicate the separation of powers.

**V.**

**CONCLUSION**

The language from I.C. § 18–2505 does not create a "superconsecutive" sentence for felony escape that automatically fixes any inde-

terminate terms. It merely requires the sentence for escape to be served consecutively, i.e. non-concurrently, to the sentence imposed for the felony during which the escape occurred. Under I.C. § 19–2513, when consecutive sentences are imposed, the fixed terms are to be served before the indeterminate terms. Accordingly, the order of the magistrate court is affirmed.

Chief Justice TROUT, Justices SCHROEDER, WALTERS and KIDWELL, CONCUR.